IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 0:09-932-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Santwain Roseborough, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises a claim relating to the retroactivity of the Fair Sentencing Act ("FSA") of 2010 and the application of *Dorsey v. United States*, 567 U.S. __, 132 S. Ct. 2321 (2012). The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has not responded to the Government's motion and the time for doing so has expired.

The court has reviewed the complete record in this case. For the reasons stated in the Government's response regarding the merits of Defendant's claim, which this court finds to be correct and adopts as its findings,[1] the court **grants** the Government's motion for summary judgment and Defendant's motion is dismissed with prejudice.

**IT IS SO ORDERED**.

---

[1] The record establishes that Defendant's motion under § 2255 is untimely. Defendant appealed his conviction and sentence to the Fourth Circuit Court of Appeals. However, on June 17, 2010, Defendant's appeal was voluntarily dismissed pursuant to Federal Rule of Appellate Procedure 42(b). Accordingly, the time for filing Defendant's § 2255 expired in 2011. As the timeliness of Defendant's § 2255 motion is not a jurisdictional bar, the Government's failure to raise the issue of timeliness operates as a waiver to its consideration.

1

CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                          s/ Cameron McGowan Currie
                                          CAMERON MCGOWAN CURRIE
                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 29, 2013